1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

9
10
11
12
13
14

| | |
|---|---|
| Eric B. Battles, | No. CV-11-00778-TUC-CKJ (BPV) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | |
| JPMorgan Chase Bank; Chase Home Finance; First American Title Company, | |
| Defendants. | |

15
16
17
18
19

Plaintiff filed this action against defendants on December 2, 2011. (Doc. 1) On February 2, 2012, the District Court screened Battles' Amended Complaint and dismissed Defendants Chase Home Finance and First American Title Company from this Action, and dismissed Battles' claims for violations of 24 C.F.R. § 3500 and the Gramm-Leach-Bliley Act. (Doc. 11)

20
21
22
23
24
25
26

The District Court acknowledged that Battles had set forth a claim for a RESPA violation against JP Morgan Chase Bank and notified Petitioner that he must complete service of the Amended Complaint against the remaining defendant within 120 days of the filing of the Complaint or within 60 days of the filing of the February 2, 2012 screening order. Alternatively, the District Court granted Battles thirty (30) days from the date of filing of the February 2, 2012 screening order to file a Second Amended Complaint. Battles has filed no Second Amended Complaint.

27
28

Plaintiff was also notified that if he did not obtain a waiver of service of the

summons or complete service of the Summons and Complaint on the Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of the February 2, 2012 order, whichever is later, the action might be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

More than 120 days from the date the original complaint was filed has passed as well as more than 60 days from the date the February 2, 2012 screening order was filed, and Plaintiff has not made proof of service.   Rule 4(m), Fed. R. Civ. P., provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

On May 2, 2012, the Magistrate Judge entered an Order to Show Cause ordering Plaintiff to show cause why this case should not be dismissed without prejudice for failure to serve Defendant, pursuant to Rule 4(m), Fed. R. Civ. P., by filing a writing with the Court on or before May 22, 2012.

To date, Plaintiff has not responded to the order to show cause.

FAILURE TO PROSECUTE

Plaintiff has the general duty to prosecute this case.   *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). Plaintiff's failure to complete service of the Summons and Complaint on the Defendant within 120 days of the filing date of the complaint or within 60 days of the filing of the order, or to timely respond to the order to show cause constitutes failure to prosecute

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action...."  In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent

power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party.  Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing.  *Id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions."  *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction.  Thus the key factors are prejudice and availability of lesser sanctions."  *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case.  Plaintiff's failure to serve Defendants, or to actively participate in this case prevents the case from proceeding in the foreseeable future.  The fourth factor, as always, weighs against dismissal.  The fifth factor requires the Court to consider whether a less drastic alternative is available.

The Court finds that only one less drastic sanction is realistically available.  Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies."  In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh.  The Complaint and this action should therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

//

//

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RECOMMENDATION

Based on the foregoing and pursuant to 28 U.S.C. § 636(b), the Magistrate Judge recommends that this action be DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within 10 days after being served with a copy of this Report and Recommendation.  If objections are not timely filed they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **CV 11-0778-TUC-CKJ**.

Dated this 25th day of May, 2012.


_____
Bernardo P. Velasco
United States Magistrate Judge

- 4 -